In the Matter of the Claim of STEPHEN KORCZ, Respondent, v. WORTHINGTON CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by self-insured employer from a decision of the Workmen's Compensation Board, filed March 19, 1969. Claimant, employed as a crane operator in appellant's Buffalo Plant, commenced work at about 6:45 A.M. on January 24, 1966. At about 9:40 A.M., claimant and another crane operator took a coffee break and then returned to their cranes. About one hour later the other crane operator heard claimant's crane "floating" and saw him standing up against the controls shaking with his hands and hitting all the controls. He described claimant as turning reddish-purplish color in the face. He then maneuvered his crane next to claimant's and went to his assistance. The rescue squad of the Buffalo Fire Department was called and a rescue squad worker, described as a fire fighter, administered oxygen to claimant. He testified that when he reached claimant, his face was red; that the pulse and breathing were shallow and rapid; that it was very hot at the crane; and that there was about an eight foot depth of blue haze. On January 24, 1966 it was warm in the building by reason of a heavy snowfall the day before which was packed around the building and all the windows were closed. It also appears that an 800 horsepower engine was being tested and being new, it was giving off a haze of vaporized lubricants. The test engine was connected to an exhaust system leading to the outside of the building which was intended to carry off the carbon monoxide emitted by the engine. No tests were made, however, of the efficiency of the coupling to the test motor being operated on the day of the accident. The rescue squad brought claimant to a hospital where his facial color was observed as being cyanotic. Dr. Salazar, claimant's attending physicial determined, after tests were made to rule out the possibility of other causes for the seizure, that claimant had "carbon monoxide poisoning with transient asphyxiation and convulsive seizures." Dr. Stepanian called as a consultant by Dr. Salazar, disagreed and indicated that claimant had an episode of cerebral anoxia of questionable etiology. He further reported, however, that "If in the area where he was working, there was a high content of carbon monoxide, then the patient's difficulties would be causally related." Dr. Werick also called as a consultant, concluded that "carbon monoxide intoxication is the most likely cause for the patient's loss of consciousness and subsequent convulsive seizures on 1/24/66." Appellant contends that there is no substantial evidence that claimant was exposed to any significant or dangerous concentration of carbon monoxide, and there is no substantial evidence that claimant's illness was due to carbon monoxide intoxication. No tests were made for carbon monoxide in the plant on the day of the accident. Two months later Dr. Amdur, under conditions allegedly similar to the day of the accident, made tests which indicated no presence of carbon monoxide in the plant. The report of these tests are, however, of limited probative value since the conditions were shown not to be similar, there being no large quantities of snow on the ground; the windows in the plant were open; no blue haze was reported, and no floor trucking was evident. The conflicting medical testimony was sufficiently direct and specific to create an issue of fact and to warrant a finding either for or against carbon monoxide intoxication. That issue has been resolved by the board in an exercise of its fact-finding power which is entirely within its province and outside the limited jurisdiction of this court. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529.) Viewed in the light of the record as a whole, the proof of causation adduced from the attending and consulting

physicians upon which the finding of accidental injury arising from carbon monoxide intoxication necessarily depends, must be accounted substantial evidence. That there was no direct evidence of the presence of carbon monoxide in the plant did not, as appellant contends, subvert, as a matter of law, the medical opinion of these medical witnesses, since the board within its fact-finding power could regard as valid the theory upon which they relied to exclude any other reasonable probable cause of claimant's illness other than exposure to carbon monoxide. (*Matter of Kornegay* v. *Franklin Laundry,* 23 A D 2d 601.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.